SAMUEL J. VICKERY *et al. vs.* THE CITY OF PROVIDENCE.

That for many years mills have been maintained in connection with a dam furnishes no
presumption that the dam was built under the mill act.

BILL IN EQUITY to compel the respondent to remove a dam
maintained by it at Pawtuxet.

*February* 20, 1892.  PER CURIAM.  The complainants base
their claim for relief upon the assumption that the dam in question
was erected under the provisions of the mill act; and consequently,
as the water is not now used for mill purposes, they are entitled to
have the river restored to its natural flow.  The court is of opinion
that, it is not warranted to make such a presumption.  The only
evidence to support it is the fact that for many years mills have
been maintained in connection with the dam.  But the dam may
have been legally built, and the water flowed back otherwise than
under the mill act; as by the owners of the surrounding land, or
by release from or satisfaction to such owners.  If it was done
under the mill act it was a matter of record, which, so far as ap-
pears, could have been shown and should have been shown by the
complainants.  This fact not being established, it is not necessary
to decide the question whether the non-user of a mill-pond is suf-
ficient to compel the opening of the dam.  In Massachusetts it has
been held that it is not.  *Daniels* v. *Citizens' Savings Institution,*
127 Mass. 534, 536.  *Williams* v. *Nelson,* 23 Pick. 141.

The evidence shows that this dam has been maintained for more
than forty years.  The point is taken that the answer does not set
up a prescriptive right.  The answer does not plead prescription
in technical terms, but it sets up the fact, on which this defence is
based, and the parties have submitted this fact as an issue to be
passed upon by the court.  The court is of opinion that the ques-
tion is sufficiently raised.  The maintenance of the dam for so
long a time raises the presumption of a grant, which entitles the
owner to maintain a dam independently of the question of non-user
for mill purposes.  *Ray* v. *Fletcher,* 12 Cush. 200; Angell on
Watercourses, § 504.

If the complainants are entitled to redress for injury sustained
outside of the prescription right, it should be sought and estab-

lished at law. *Sprague & Another* v. *Rhodes & Others*, 6 R. I. 56.

*James Tillinghast & Theodore F. Tillinghast*, for complainants.

*Nicholas Van Slyck & Cyrus M. Van Slyck*, City Solicitors, for respondent.